**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASVIR SANTOKH, | No. 09-70356 |
| Petitioner, | Agency No. A078-872-828 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2014[**]
San Francisco, California

Before: McKEOWN and CLIFTON, Circuit Judges, and EZRA, District Judge.[***]

Jasvir Santokh petitions for review from the Board of Immigration

Appeals's ("BIA") order dismissing his appeal from the Immigration Judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

("IJ") denial of his petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We deny in part and grant in part Santokh's petition for review and remand to the BIA for further proceedings.

We remand the asylum claim to the BIA for consideration of whether Santokh's incarceration on state charges constitutes an extraordinary circumstance that excuses his late filing under 8 U.S.C. § 1158(a)(2)(D).  Although Santokh raised this argument in his brief in support of his asylum application, the IJ did not make any findings as to the extraordinary circumstances exception.  The IJ stated, "Respondent just never claimed that he filed late and that there should be exceptional circumstances or changed circumstances."  The BIA, on the other hand, considered some of Santokh's arguments in support of the extraordinary circumstances exception, but it did not make "any determination at all" regarding Santokh's claim that "[t]he fact that he was taken in custody on January 3, 2002 restricted his ability to file his asylum application and amounts to an extraordinary circumstance[]."  *Sagaydak v. Gonzales*, 405 F.3d 1035, 1039 (9th Cir. 2005) (internal quotation marks omitted).  "[W]hen, as occurred here, a petitioner alleges that his failure to file a timely asylum application was due to extraordinary circumstances and both the IJ and the BIA fail to determine whether the

2

extraordinary-circumstances exception should apply, we have jurisdiction to review the failure to make a determination." *Id.* at 1040.

"[I]t goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner." *Id.* The government does not dispute that the IJ and BIA ignored Santokh's argument that his state incarceration was an exceptional circumstance; instead, it offers its own statutory interpretation in support of the conclusion that the state incarceration does not excuse Santokh's late filing. We cannot address the existence of an extraordinary circumstance in the first instance. *See id.* at 1045 (remanding "so that the BIA may determine whether extraordinary circumstances exist that would excuse [the petitioner's] failure to apply for asylum within one year of arriving in the United States, and whether the [petitioners] have satisfied the remaining requirements for asylum and withholding of removal").

We reject the government's alternative argument that Santokh's asylum application would be untimely even if the agency credited the days he spent incarcerated against the one-year filing deadline. "The extraordinary circumstances provision is not intended to 'toll' the general one-year limitation. Rather it is written in the language of an exception, excepting aliens from the one-year requirement if they can show an extraordinary circumstance directly

'related' to the delay." *Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir. 2008); *see* 8 C.F.R. § 208.4(a)(5). The BIA must determine in the first instance whether an extraordinary circumstance existed and if it did, whether Santokh filed his asylum application within a reasonable period. *See Sagaydak*, 405 F.3d at 1045.

We deny the petition with respect to the withholding of removal and CAT claims. The adverse credibility finding is based on substantial evidence and defeats the withholding of removal claim. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005). The claim for CAT relief is based on the same discredited statements, *see Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003), and Santokh failed to offer other evidence showing that he would face torture if he returned to India, *see* 8 C.F.R. § 1208.16(c)(3).

Each party shall bear its own costs on appeal.

**PETITION GRANTED IN PART; DENIED IN PART; AND REMANDED.**